IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:20-CV-357-WKW |
| | ) | |
| ROBERT M. HENLINE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

Michael Collins, an inmate confined in the Elmore County Jail, filed this 42 U.S.C. § 1983 action in which he presents claims challenging conditions at the jail. Doc. 2 at 1–3. Collins did not submit the $350 filing fee or $50 administrative fee upon the initiation of this case and, instead, filed a document seeking leave to proceed *in forma pauperis* before this court. Doc. 3. In support of this request, Collins provided financial information necessary to determine the average monthly balance in his inmate account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to his inmate account during the same period of time.

After a thorough review of the financial information provided by Collins and pursuant to the requisite provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined that Collins owed an initial partial filing fee of $5.00. Doc. 5 at 1–2. Based on the foregoing, the court ordered that Collins pay the initial partial filing fee on or before June 22, 2020. Doc. 5 at 2. In addition, this order specifically informed Collins "**that it is his responsibility to submit the appropriate paperwork to the jail's account clerk for**

**transmission of such funds to this court for payment of the initial partial filing fee**."
Doc. 5 at 2 (emphasis in original). The order also "advised [Collins] that if he is unable to
procure the initial partial filing fee within the time allowed by this court he must inform
the court of such inability and request an extension of time within which to file the fee."
Doc. 5 at 3. Moreover, the court specifically cautioned Collins that failure to pay the
requisite fee within the time allowed by the court would result in a Recommendation "that
this case be dismissed and such dismissal will not be reconsidered unless exceptional
circumstances exist." Doc. 5 at 3. Upon a motion filed by Collins, the court granted him
an extension until July 8, 2020 to file the initial partial filing fee. Doc. 7.

As of the present date, Collins has failed to pay the initial partial filing fee within
the time prescribed by the court. The undersigned therefore concludes that this case is due
to be dismissed without prejudice for this failure. *See Moon v. Newsome,* 863 F.2d 835,
837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned,
dismissal for failure to obey a court order is not an abuse of discretion). The authority of
courts to impose sanctions for failure to prosecute or obey an order is longstanding and
acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash
R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage
their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at
630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989)
(holding that "[t]he district court possesses the inherent power to police its docket."). "The
sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order
dismissing the action with or without prejudice." *Id.*

2

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to pay the initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.

On or before **August 13, 2020** the plaintiff may file objections to the Recommendation.  The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar the plaintiff from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 30th day of July, 2020.


 /s/ Stephen M. Doyle_____
UNITED STATES MAGISTRATE JUDGE